20-708-cv
Medina v. Commissioner of Social Security

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of December, two thousand twenty.

Present:      ROSEMARY S. POOLER,
              BARRINGTON D. PARKER,
              GERARD E. LYNCH,
                      *Circuit Judges*.

_____

MICHELLE MEDINA,

          *Plaintiff-Appellant*,

              v.                                            20-708-cv

COMMISSIONER OF SOCIAL SECURITY,

          *Defendant-Appellee*.

_____

Appearing for Appellant:      Peter A. Gorton, Lachman & Gorton, Endicott, N.Y.

Appearing for Appellee:       Graham Morrison, Special Assistant United States Attorney (Ellen E. Sovern, Regional Chief Counsel-Region II, *on the brief*) *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Dancks, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Michelle Medina appeals from the January 30, 2020 judgment of the United States District Court for the Northern District of New York (Dancks, *M.J.*) affirming the denial of disability benefits by the Commissioner of Social Security. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Our review of the administrative record is de novo, and this Court will uphold the administrative law judge's decision if it is supported by substantial evidence and the correct legal standards were applied. *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010); *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). On appellate review, "our focus is not so much on the district court's ruling as it is on the administrative ruling." *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991) (internal quotation marks omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (internal quotation marks omitted).

Medina first argues that the ALJ erred in giving little weight to Dr. Arun Shah's opinion as the treating physician. She notes that Shah assessed her as having marked limitations in performing activities, and the residual functional capacity analysis by the ALJ did not fully reflect the extent of her impairments. She argues that the ALJ's decision violates the treating physician rule, which provides that "the opinion of a claimant's treating physician as to the nature and severity of an impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks and brackets omitted). "[I]f the ALJ decides the opinion is not entitled to controlling weight, it must determine how much weight, if any, to give it." *Id.* The ALJ must "give good reasons in its notice of determination or decision for the weight it gives the treating source's medical opinion." *Halloran* , 362 F.3d at 32 (internal citations omitted).

We find that the ALJ's opinion is supported by substantial evidence. The ALJ found that Medina's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and the other evidence in the record." App'x at 51. The ALJ noted that while Medina claims disability beginning in April 2015, she did not begin treatment until April 2016. The ALJ properly weighed Shah's opinion as the treating physician. The ALJ observed that Shah's assessment of Medina's limitations was inconsistent with Shah's own treatment notes and Medina's self report of her activities of daily living. The ALJ's decision not to afford Shah's opinion controlling weight as the treating physician is well-supported by the record, which contains notes showing Medina's improved mood and her ability to independently manage reported activities of daily life, including tasks such as cooking, cleaning, self-care, banking, shopping and driving without assistance. *See Halloran,* 362 F.3d at 32 (finding that a treating physician's opinion is not afforded controlling weight if the opinion is inconsistent with the opinions of other medical experts); *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("When other substantial evidence in the record conflicts with the treating physician's opinion . . . that opinion will not be deemed controlling."); *Rivera v.*

*Harris*, 623 F.2d 212, 216 (2d Cir. 1980) (claimant's ability to perform daily activities like cooking and shopping supported ALJ's determination that she could perform sedentary work despite pain).

The ALJ found that Medina's activities are not limited in the way one would expect "given her complaints of disabling symptoms and limitations" and that her symptoms are "well managed with medication." App'x at 51. The ALJ noted that Medina regularly volunteered at a dog shelter, and that she engaged in many activities requiring concentration and the ability to stay on task, including driving, cleaning, doing laundry, cooking, and shopping. The ALJ noted that these activities required "many of the same functions that the claimant alleges she is unable to perform in a work setting." App'x at 52. Based on this record, we find the ALJ's conclusions to be substantially supported.

We have considered the remainder of Medina's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk